**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES A. WOLFE, | : | Civil No. 3:24-cv-814 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| JOHN RIVELLO, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner James Wolfe ("Wolfe"), a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  For the reasons set forth below, the Court will summarily dismiss the petition.

## I.   Factual Background & Procedural History

Wolfe is serving a 45-year sentence imposed in the Blair County Court of Common Pleas on December 14, 2000, for his conviction of homicide by vehicle while driving under the influence of alcohol.  *See Commonwealth v. Wolfe*, No. CP-07-CR-135-2000 (Ct. Com. Pl. Blair Cnty.).  Wolfe has completed his minimum sentence and has been regularly denied parole by the Pennsylvania Parole Board.  *See Wolfe v. Wetzel*, No. 3:20-cv-1153 (M.D. Pa.).  His sentence expires in 2046.  *See id.*

Wolfe filed the instant Section 2254 petition in this Court.  (Doc. 1).  Named as Respondents are Superintendent John Rivello, Attorney General Michelle Henry, Seth

Butner, and the Pennsylvania Board of Probation and Parole. (*Id.*). Wolfe's two-sentence

petition claims that the offense tracking number on his DC-16E Sentence Status Summary

is incorrect. (*Id.*). He seeks release from custody. (*Id.*).

## II.   **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §

2254, a district court must promptly review a petition and dismiss it, if it is plain from the face

of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

## III.   **Discussion**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

petition for a writ of habeas corpus that is filed by "a person in custody pursuant to the

judgment of a State court shall not be granted unless it appears that—(A) the [petitioner]

has exhausted the remedies available in the courts of the State; or (B)(i) there is an

absence of available State corrective process; or (ii) circumstances exist that render such

process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1). Thus,

based upon AEDPA's plain language, a person "in custody pursuant to the judgment of a

State court" who is petitioning for a writ of habeas corpus in federal court must first exhaust

the remedies available in the state courts, unless the state corrective process is unavailable,

or circumstances exist that render such corrective process ineffective. *See id.*; *Rose v.

Lundy*, 455 U.S. 509, 515-16 (1982). The burden of proving exhaustion of available

remedies rests with the petitioner.  *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

"In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).  If a state prisoner has not fairly presented his claims to the state courts, then the procedural default doctrine "may come into play."  *See id.*  As explained by the United States Court of Appeals for the Third Circuit, "[a] claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court."  *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (citations omitted).

Generally speaking, if a state prisoner has procedurally defaulted his habeas claims, federal courts do not review the merits of those claims.  *See generally Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (explaining that, under the procedural default doctrine, a federal habeas court "will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule" (listing cases)).  However, this doctrine "is not without exceptions."  *Id.* at 10.  A state prisoner "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."  *Id.* (citation omitted).  A state prisoner may also obtain federal review of a defaulted claim by showing that a failure to consider the

claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (explaining that, ordinarily, a petitioner must show "actual innocence" in order to satisfy the "fundamental miscarriage of justice" exception (citation omitted)).

Although not entirely clear, Wolfe's challenge to his DC-16E Sentence Status Summary may be construed as a challenge to the Parole Board's calculation of his sentence date or maximum sentence date. (*See* Doc. 1). In this specific context, exhaustion of available state remedies requires a habeas petitioner to first challenge the Parole Board's decision to recommit him as a parole violator by filing a request for administrative relief with the Parole Board within thirty (30) days of the mailing date of the Parole Board's decision. *See* 37 Pa. Code § 73.1. Next, the petitioner must file an appeal to the Commonwealth Court of Pennsylvania ("Commonwealth Court"). *See* 42 Pa. Cons. Stat. § 763(a). Finally, the petitioner must seek allowance of appeal in the Supreme Court of Pennsylvania ("Supreme Court"). *See* 42 Pa. Cons. Stat. § 724; *see also Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (unpublished) (concluding that, in order to fully exhaust a challenge to the Parole Board's decision, a habeas petitioner must seek allowance of appeal in the Supreme Court, following an adverse decision by the Commonwealth Court).

Here, Wolfe has neither alleged nor shown that he completed any of these levels of state review. Additionally, the Court has conducted a search of Wolfe's name on

4

Pennsylvania's electronic docket sheets, including the electronic docket sheets for the Commonwealth Court and the Supreme Court. That search revealed that Wolfe did not seek allowance of appeal in the Supreme Court regarding any Parole Board decision. The only matter that Wolfe appealed to the Supreme Court was the direct appeal of his state court judgment of sentence. As such, the Court finds that Wolfe did not exhaust available state remedies with respect to his instant habeas claim against the Parole Board before he commenced this suit.

Accordingly, the Court will dismiss the Section 2254 petition. *See Williams*, 232 F. App'x at 181 (unpublished) (concluding that the Section 2254 petitioner, who was challenging the revocation of his parole by the Parole Board, was required to fully exhaust available state remedies, and further concluding that, because petitioner failed to do so and because petitioner failed to make a showing of cause or prejudice to excuse the procedural default, federal review of his habeas claim was precluded by the default and the district court, therefore, appropriately dismissed the petition); *see also Klein v. Bd. of Prob. & Parole*, No. 22-cv-00984, 2023 WL 3077804, at *3 (M.D. Pa. Apr. 25, 2023) (concluding that the Section 2254 petitioner's challenge to the Parole Board's decisions was procedurally defaulted and, thus, "unreviewable" by the district court where the petition failed to show cause or prejudice to excuse the procedural default (citing *Martinez*, 566 U.S. at 9)).

## IV.    Conclusion

The Court will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May ___, 2024